## TAYLOR–LOCKWOOD CO. v. UNITED STATES.

### No. K–496.

Court of Claims.
April 6, 1931.

For former opinion, see 45 F.(2d) 284.

Theodore B. Benson, of Washington, D. C., for plaintiff.

Lisle A. Smith, of Washington, D. C., and Charles B. Rugg, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and LITTLETON, WHALEY, WILLIAMS, and GREEN, Judges.

LITTLETON, Judge.

Plaintiff moves for a new trial on the grounds, first, that its claim for refund filed

February 19, 1923, was sufficient in law, and, secondly, that the court erred in holding that the Revenue Act of October 3, 1917 (40 Stat. 300) did not require the plaintiff to file a second return after its passage for the fiscal year ending June 30, 1917. It is insisted that the act did require a second return and the rulings of the Commissioner fixed March 1, 1918, as the date on which the second returns of taxpayers in the situation of the plaintiff were due. It is therefore contended that the refund claim was filed in time.

The first ground of plaintiff's motion for a new trial is without merit. The claim for refund which was filed related entirely to special assessment, and, as pointed out in the opinion of the court, the language thereof was not sufficient to constitute a claim for refund on any other ground. In this view of the matter, it is immaterial whether the Revenue Act of October 3, 1917, and the regulations required taxpayers in the situation of the plaintiff to file a second return on or before March 1, 1918, for the fiscal year ending June 30, 1917, after the passage of the Revenue Act of October 3, 1917. This plaintiff did not file a second return, and the Commissioner did not require it to do so; nei-

ther did the Commissioner assert any penalty against the plaintiff. The case of Updike et al. v. United States (C. C. A.) 8 F. (2d) 913, is not in point. That case related to a corporation which was dissolved prior to October 3, 1917, and article 61, Reg. 33, specifically provides that in such case a second return under the act of October 3, 1917, should be made notwithstanding returns under prior acts had been made. The case of Beam v. Hamilton (C. C. A.) 289 F. 9, related to penalties for failure to file an excess profits tax return for the calendar year 1917, and the decisions in McKnight, 3 B. T. A. 1060, and Morris, 9 B. T. A. 1273, are also not in point. Treasury Decision No. 2650, promulgated February 9, 1918, extending the time for filing returns under the act of October 3, 1917, does not apply to this case for the reason that that Treasury decision extended the time for filing returns to March 1, 1918, only with respect to returns due subsequent to October 16, 1917, and on or before March 1, 1918. The plaintiff's return was due and was made August 30, 1917. I. T. 1951, C. B. III-1, page 362, related to a partnership and was based upon the authority of Treasury Decision No. 2650.

The motion for a new trial is overruled.